UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEITH THOMAS,

    Defendant.
_____/

CASE NO. 11-12858

HON. MARIANNE O. BATTANI

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff United States of America's Motion for Summary Judgment (Doc. No. 6). The Court has reviewed the pleadings, and finds oral argument would not aid in the resolution of this motion. See E.D. Mich. LR 7.1(f)(2). For the reasons that follow, Plaintiff's motion is **GRANTED.**

**I.    INTRODUCTION**

Plaintiff filed suit seeking recovery of debt resulting from a delinquent student loan. The Government alleges that Defendant, Keith Thomas, defaulted on a promissory note secured in 1985. (Doc. No. 6, at 4). The principal of the loan was $2,500 at 8% per annum. (Id.). The loan was guaranteed under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, et seq. (Id.). The holder of the original promissory note collected from the Guarantor, who was reimbursed by the U.S. Department of Education. (Id.). Due to the inability to collect from Defendant, the Guarantor assigned the right and title to the loan to the Department of Education. (Id.). Thomas has only made sporadic payments on the note, totaling $720.00. (Id.). The

Government seeks the amount it paid, plus the applicable interest under the contract, which totaled $7,170.81 as of the date the Complaint was filed, July 7, 2011. Defendant contends that he never received the loan in question or any loan in 1985. (Doc. No. 9, at 1).

## II.　STANDARD OF REVIEW

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In determining whether to grant summary judgment, the Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, to avoid summary judgment, the non-movant must present significantly probative evidence. Anderson, 477 U.S. at 249-50. Indeed, "the mere existence of some alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48.

### III.  ANALYSIS

Plaintiff's exhibits demonstrate that all the elements of its claim for breach of contract have been satisfied. Indeed, Plaintiff has provided the original student loan bearing Defendant's signature; proof that Defendant is the holder of the note; and proof that the note is in default. See United States v. Lawrence, 276 F.3d 193 (5th Cir. 2001). Defendant, in response, merely alleges that he never received a student loan in 1985. See Doc. No. 9. However, Defendant did not provide any evidence supporting his contention, nor was Defendant's statement contained in a sworn affidavit. Moreover, Plaintiff's exhibits refute Defendant's assertion. Plaintiff has provided the original note bearing Defendant's signature and evidence showing that Defendant made voluntary payments on the loan in 1994 and 1995.

Plaintiff's evidence shifted the burden to Thomas to show a genuine issue of material fact. He has not introduced specific facts showing that there is a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co., 475 U.S. at 487. As a pro se litigant, Defendant is not entitled to special treatment in responding to a dispositive motion. Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988). Indeed, a court is not required to provide a pro se litigant with notice as to the requirements of Fed. R. Civ. P. 56(e). McKinnie v. Roadway Express, Inc., 341 F.3d 554 (6th Cir. 2003). Pursuant to Fed. R. Civ. P. 56(e)(2), a court may consider a fact undisputed for the purposes of summary judgment when a party fails to properly support an assertion. Accordingly,

Defendant's mere contention that he never applied for a loan does not satisfy his burden on summary judgment.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: September 29, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record, electronically.

s/Bernadette M. Thebolt
Case Manager

## CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to Defendant and counsel of record on this date.

_____

Deputy Clerk